## Ferreira, Appellant, *v.* Ferreira.

*Divorce—Desertion—Evidence.*

A divorce will not be granted to a husband on the ground of desertion where the evidence shows that he had been constrained to marry his wife, that he allowed her to remain in the house of a midwife for a year or more, during most of which time she acted as a domestic servant, that he never offered to provide a home for himself, his wife and child

except one spare room in his father's house, and that he had had, after marriage, relations with other women.

Argued Dec. 19, 1910. Appeal, No. 144, Oct. T., 1910, by plaintiff, from decree of C. P. No. 1, Phila. Co., June Term, 1907, No. 324, dismissing libel for divorce in case of Colden R. Ferreira v. Katherine Ferreira. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Libel in divorce.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing libel in divorce.

*Ruby R. Vale*, with him *Howard M. Long*, for appellant.

*James A. Hayes, Jr.*, for appellee.

OPINION BY BEAVER, J., March 3, 1911:

The libelant seeks a divorce a. v. m. from his wife on the ground of desertion. The master, who was appointed to take the testimony, after the application for a trial by jury had been withdrawn by the respondent, made a report, in which he recommended a decree of divorce on the ground that the desertion of the wife by the husband had been proved. Upon consideration of the testimony, the court filed an opinion in which it was said: "The libelant has not made out a case of desertion to our satisfaction.

"Considering all the evidence, we are of the opinion that the libelant never lived with his wife, never offered to or never wanted to."

Later, a final decree was entered: "And now, this 15th day of June 1910, the libel filed in the above entitled cause is dismissed."

We have read the entire testimony in the case with great care. We are quite in accord with the finding of the master in which he says: "The master finds much trouble in reconciling the testimony of the witnesses upon the ma-

terial questions of this case, but, upon observing the demeanor and manner of those testifying, finds the facts as he reports them in detail." We do not reach the same conclusions from the reading of the testimony which the master does. It is possible that the manner and demeanor of the witnesses may have influenced the master to a greater extent than would seem to be justified from the language.

Without attempting to reconcile the testimony of the witnesses, or to account for demeanor and manner of testifying, there are certain facts which appear to us to be well settled by the testimony of the libelant himself. His marriage vow was tainted and grossly discredited before it was taken. It was assumed under compulsion. It was never seriously considered. It requires no stretch of the imagination to conclude that it was assumed for the purpose of securing a subsequent release. The libelant evidently had no serious or comprehensive views of the relations which should exist between husband and wife, or father and child, nor did he manifest any adequate appreciation of what a home for father, mother and child should consist. The wife was allowed to remain in the home of a person who acted as midwife for a year or more, during the most of which time she rendered service as a domestic. She was offered a place to stay in the home of the father and mother of the libelant, the house being entirely occupied by their family, with the exception of one spare room, which was to be the home of husband, wife and child. We do not find in the testimony any evidence that an offer was made to the respondent, after the libelant went to Philadelphia, of a home there, nor is there evidence of his having in any way arranged for a home. He had a place as room mate with a companion in a boarding house, but there is no evidence that he had any other place to which to take his wife and child than this boarding house, and none that he had provided what would be, in any sense, a home for his family. Considering the relations which existed between the libelant and respondent before their marriage, it is

difficult to account for their subsequent relations, unless the testimony of the wife in regard to the relations of her husband with other women and the consequences of such relationship was true, and, if true, the conduct of the wife was fully and satisfactorily accounted for, and would justify her conduct in refusing to cohabit with her husband and would have justified her in reversing the positions which she and her husband occupy in this proceeding, with an entirely different result.

We think, therefore, that the conclusion reached by the court below was based upon the evidence and was a fair interpretation thereof. We reach the same conclusion, based almost entirely upon the testimony of the libelant himself. It is clear from his own testimony that he never lived with his wife, and we infer also from his own testimony that he never offered to do so in good faith, and it would also appear, from his failure to provide such a home as their family necessities required, that he had no great desire to do so. These are the grounds upon which the court below, in its final decree, dismissed the libel, and this we are clearly of the opinion was justified by the testimony, considered as a whole.

The assignments of error, although four in number, raise but a single question, namely, the action of the court in refusing to confirm the master's report and dismissing the libel.

The assignments are all overruled.

Decree affirmed and appeal dismissed at the costs of the appellant.